IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Wanda S. Henderson,                        )
                                           )
                   Plaintiff,              )
                                           )        Civil Action No. 6:26-cv-1444-BHH
v.                                         )
                                           )        **<u>ORDER</u>**
Easley Police Department, Officer          )
Connor Runser, Officer Alex Herden,        )
McCall's Towing, City of Easley,           )
                                           )
                                           )
                   Defendants.             )
_____ )

This matter is before the Court upon Plaintiff Wanda S. Henderson's ("Plaintiff") *pro se* complaint.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On April 21, 2026, the Magistrate Judge issued a report and recommendation ("Report"), outlining the history of this case and case number 8:26-cv-1465-BHH-WSB, both of which arise out of case number 6:26-mc-153, and finding that this action is subject to summary dismissal.  (ECF No. 5.)  Specifically, in his Report, the Magistrate Judge summarized the three cases and determined that Plaintiff's filings in this action lack any justiciable basis under federal law, are frivolous, and fail to state any claim upon which relief may be granted by this Court.  The Magistrate Judge further explained that the Court appears to lack subject matter jurisdiction and that several abstention doctrines bar Plaintiff's claims.  Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy.  On April 29, 2026, Plaintiff filed an "equity motion and petition to return trust res and for order to show cause" in case number 6:26-mc-153, and on May 5, 2026, Plaintiff

filed a "notice of set-off, discharge, and trust termination" and a "trust transfer grant deed" in case number 6:26-mc-153. (ECF Nos. 9, 10, 11.) Plaintiff also filed an "amended petition to evoke equity jurisdiction and for return of trust res (vehicle)" on May 12, 2026. (ECF No. 13.) To date, however, Plaintiff has not filed any objections to the Magistrate Judge's Report, and her other filings do not specifically respond to any of the Magistrate Judge's findings and recommendations.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, the Court has reviewed the record and the findings of the Magistrate Judge for clear error. After review, the Court finds no clear error and fully agrees with the Magistrate Judge's extremely thorough analysis. **Accordingly, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 5), and the Court dismisses this action for lack of jurisdiction, without leave to amend, and without**

**issuance and service of process.**

  **IT IS SO ORDERED.**

               /s/Bruce H. Hendricks
               United States District Judge

May 12, 2026
Charleston, South Carolina